U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 28 2012
CLERK, U.S. DISTRICT COURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SURGICAL ORTHOMEDICS, INC. ET AL., | § § § |
| Plaintiffs, | § § |
| VS. | §  NO. 4:12-CV-307-A § |
| K2M, INC., | § § |
| Defendant. | § |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to remand filed in the above action by plaintiffs, Surgical Orthomedics, Inc. ("Surgical"), Steven Hewes ("Steven"), and Andrew Hewes ("Andrew"). Defendant, K2M, Inc., filed a response, and plaintiffs filed a reply. Upon consideration of the parties' filings and the applicable authorities, the court has not been persuaded that it has subject matter jurisdiction over the above-captioned action.[1] Therefore, the court is ordering the action remanded to the state court from which it was removed.

---

[1] Defendant also filed a motion to dismiss, following which plaintiffs filed two motions for leave to amend their complaint, and also filed a motion for leave to amend their prior response to defendant's motion to dismiss. The parties all filed responses and replies to the various motions. The court considered the motion to remand first inasmuch as it questioned the court's subject matter jurisdiction. The court's disposition of the motion to remand makes it unnecessary to consider the remaining motions.

I.

Background

Plaintiffs initiated this action on April 16, 2012, in the District Court of Tarrant County, Texas, 348th Judicial District, by the filing of their original petition, application for permanent injunction and requests for disclosure. Defendant removed the action to this court by notice of removal filed May 18, 2012.

Pursuant to this court's order, defendant subsequently filed an amended notice of removal. In its amended notice of removal, defendant alleged that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiffs and defendant and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

In the prayer of their petition, plaintiffs do not state a specific amount of damages. Nor is there any other statement of the amount of damages contained elsewhere in the petition. However, in the amended notice of removal defendant contends it is "apparent from the face of Plaintiffs' Petition that the claims are likely to exceed $75,000, exclusive of costs and interest, based on the claims alleged and damages sought." Am. Notice of Removal at 3 (citation omitted).

II.

## The Motion to Remand and Response

The basis of the motion to remand is that, contrary to defendant's assertions, defendant has failed to show that the amount in controversy exceeds $75,000, exclusive of costs and interests, either by showing that it is facially apparent from the face of the petition or by providing summary-judgment type evidence in support. According to plaintiffs, defendant has improperly attempted to aggregate plaintiffs' claims to establish the amount in controversy. However, Steven and Andrew contend they have each asserted separate claims regarding their respective reputations and interests, such that their claims implicate individual, rather than aggregate, damages. Further, plaintiffs contend that Surgical cannot assert a claim for intentional infliction of emotional distress, as have Steven and Andrew.

In response defendants rely on a number of cases, primarily opinions from other district courts, whereby those courts have found that the nature of the plaintiff or plaintiffs' claims caused them to exceed the required jurisdictional minimum. Defendant argues that using a "common-sense analysis" it is apparent that, when considering all the claims and damages asserted for each plaintiff, the jurisdictional threshold is

3

exceeded. Additionally, defendant distinguishes this court's opinion in <u>Azlin v. Silicon Valley, Inc.</u>, No. 4:11-CV-688-A, 2011 WL 5830611 (N.D. Tex. Nov. 18, 2011), wherein the court held that the plaintiffs' claims could not be aggregated because their claims arose out of individual contracts the defendant had with each plaintiff. In contrast, defendant argues, the claims of the plaintiffs here arise from the same source and allege the same right of recovery, making aggregation of the plaintiffs' claims proper.

### III.

### Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district courts would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." <u>Manguno v. Prudential Prop. Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." <u>Carpenter v. Wichita Falls</u>

4

Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiffs' state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000.00, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). Conclusory allegations by the defendant concerning the amount in controversy are insufficient to establish a basis for removal. Allen, 63 F.3d at 1335.

The amount in controversy is measured from the perspective of the plaintiffs. Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be

protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

IV.

Application of Law to the Facts

Plaintiffs' petition alleges claims by all plaintiffs for defamation, slander, and tortious interference with prospective relations, and claims of intentional infliction of emotional distress by Andrew and Steven. The petition does not, however, specify a dollar amount of recovery sought that is at least $75,000.00, nor does it define with specificity the value of the right sought to be protected or the extent of the injury sought to be prevented.

The court concludes that defendant has failed to establish that it is "facially apparent" that the amount in controversy exceeds $75,000. The court finds distinguishable the cases relied on by defendant in the amended notice of removal and the response to support its contentions as to the amount in controversy. For example, defendant cites to White v. FCI USA, Inc., 319 F.3d 672, 674-76 (5th Cir. 2003), as supporting its contention as to the amount in controversy here. The plaintiff in White sued her employer for wrongful termination, seeking "compensatory damages for lost pay, lost fringe benefits, front pay, loss of wage earning capacity, harm to [plaintiff's] credit

6

and credit reputation, and mental anguish and emotional distress (both past and future)." Id. at 674. In her state court discovery responses the plaintiff indicated she sought damages for lost income, mental anguish and emotional distress, and punitive damages. Id. at 676. In those discovery responses the plaintiff further reported "that she was incurring an economic loss at the rate of $100,000 per year and had already suffered a loss of approximately $13,000," id., and responded to a request for admission by admitting that her damages "[did] not yet equal $75,000 but it [was] possible that [they] will exceed $75,000.00 at the time of trial." Id. (brackets in original) (internal quotation marks omitted). Based in part on the foregoing, the court affirmed the conclusion of the district court that the amount in controversy was satisfied. Nothing close to this level of specificity is found in plaintiffs' state court petition.

Another case cited by defendant is Flanagan v. Wells Fargo Fin. Nat. Bank, Case No. 4:09-cv-44, 2009 WL 1444398 (E.D. Tex. May 21, 2009). In that case the district court affirmed the magistrate judge's conclusion that defendant established the amount in controversy. However, the court only listed the categories of damages sought by the plaintiff and concluded, without discussion or analysis, that the amount in controversy was satisfied.

7

Without discussing the details of each case cited by defendant, the court finds these cases sufficiently distinguishable from the case at bar to conclude that they do not assist defendant in showing it is "facially apparent" that the amount in controversy exceeds the jurisdictional minimum.

Nor does the court agree that defendant has shown that aggregation of plaintiffs' claims is warranted. The Fifth Circuit has held that when multiple plaintiffs have "separate and distinct" claims, those claims may not be aggregated to satisfy the amount in controversy. Allen, 63 F.3d at 1330. Aggregating claims is only permitted where "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." Id. Plaintiffs have a common and undivided interest if their claims arise from the same source and they have one right of recovery. Id. at 1331.

Guided by the rule in Allen, the court concludes that defendant may not aggregate plaintiffs' separate claims in order to meet the minimum amount in controversy. "The paradigm cases allowing aggregation of claims are those which involve a single indivisible res, such as an estate, a piece of property (the classic example), or an insurance policy." Gilman v. BHC Sec., 104 F.3d 1418, 1423 (2d Cir. 1997) (internal quotations omitted);

see Allen, 63 F.3d at 1330-31. No such claims are alleged by plaintiffs in the state court petition.

Here, the plaintiffs do not seek to "enforce a single title or right in which they have a common and undivided interest." Instead, each plaintiff seeks damages based on his or its specific facts and circumstances. For example, Steven and Andrew both seek damages for intentional infliction of emotional distress--a claim not cognizable by Surgical--but the nature and extent of such damages would be different depending on the facts and circumstances applicable to each individual. Similarly, different facts likely pertain to each plaintiff's claim for defamation and slander, although such details are not pleaded in the complaint. Although the petition seeks attorney's fees and exemplary damages, without an amount to serve as a basis for compensatory damages, the court cannot form any reliable estimate for the amount plaintiffs could recover for those damages.

Nor does the claim for injunctive relief assist defendant in establishing the amount in controversy, as there is nothing before the court to show the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger, 705 F.2d at 729.

9

Bearing in mind the Fifth Circuit's admonishment that all doubts about removal jurisdiction must be resolved against the exercise of federal court jurisdiction and in favor of remand, the court concludes that defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs.  Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

V.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED September 28, 2012.

_____
JOHN McBRYDE
United States District Judge